UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE JACKSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RALPH DIAZ, Warden,<br><br>　　　　　Respondent. | NO. ED CV 13-01765-JVS (AS)<br><br>**ORDER OF DISMISSAL** |

On September 27, 2013, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" ("the Petition").

The Petition challenges Petitioner's 2002 state court convictions for attempted murder and assault with a firearm, in violation of California Penal code §§ 664/187(a) and 245(a)(2) and the sentence imposed for those convictions. (Pet. at 2.) Although Petitioner did not identify his prior federal habeas petition in response to question 10 of the form Petition, the Petition acknowledged that prior petitions had been dismissed with prejudice as time-barred, and identified case number ED CV 06-00602-CJC(AN)

as an example. The referenced case involved a previous challenge of this same conviction in a habeas petition filed in this Court in 2002. See Dwayne Jackson v. L.E. Scribner, ED CV 06-00602 CJC(AN) ("the prior habeas action"). On August 4, 2006, the Court dismissed the prior habeas action with prejudice as time-barred and entered Judgment in the prior habeas action. (Id.; Dkt. Nos. 4-5.)

The Court must dismiss the present Petition in accordance with 28 U.S.C. § 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires pre-approval from a Circuit Court of Appeals before a "second or successive" petition may be filed. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeal before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. § 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir. 1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). The dismissal of a habeas petition as barred by the statute of limitations "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Because Petitioner has

not yet obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton, 549 U.S. at 157.

For the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 7, 2013

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE


PRESENTED this 4th day of October 2013, by:

 /S/
_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE